# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGIANNA BURKE,

    Plaintiff(s),

v.

PGA TOUR, INC.,

    Defendant(s).

2:13-CV-803 JCM (PAL)

## ORDER

On May 7, 2013, this case was removed from state court. (Doc. #1). After reviewing the notice of removal and removal statement for proper jurisdiction, this court, *sua sponte*, orders defendant to show cause, explaining why this court should not remand this case to state court.

Defendant, PGA Tour, Inc. ("PGA"), filed a notice for removal, in response to plaintiff's, Georgianna Burke ("Burke), complaint against defendant PGA. (Doc. #1).

Upon review of the record before the court, it does not appear that this court has subject matter jurisdiction over this case. Defendant PGA removed to this court under diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Reviewing defendant's petition of removal (*see* doc. #1), defendant's statement concerning removal (*see* doc. #7), and plaintiff's original complaint (*see* doc. #1, Ex. A), the court is not convinced the amount in controversy has been satisfied. For diversity jurisdiction to exist under § 1332(a), the amount in controversy must exceed $75,000. *See generally Xiao-Mei Jin v. Ben Bridge-Jeweler Inc.*, No. 2:07-cv-1587-GEB-KJN, 2009 WL 981600, at *1

**James C. Mahan**
**U.S. District Judge**

(E.D. Cal. April 9, 2009).

The alleged injuries on the face of plaintiff's complaint provide no specific facts regarding which types of injuries plaintiff suffered, nor a need for back surgery. (*See* Doc. 1, Ex. A, Compl. ¶ 6). PGA acknowledges that the "injuries in this specific suit remain presently unknown," but that plaintiff's claimed injuries require back surgery. (Doc. #1). PGA cites to cases where juries have awarded in excess of $200,000 in cases requiring back surgery. *Id.*

However, the cases cited by defendant PGA in support of removal are not analogous to the instant case. In *Hallmark v. Eldridge,* Eldridge backed a truck into the driver's side of Hallmark's vehicle, resulting in one of the tires exploding as well as the vehicle rocking three feet off the ground. 189 P.3d 646, 648 (2008). In *Cannon v. Big Town Mechanical, LLC*, the jury awarded $340,000 for a rear-end car accident. Case number 02A44900. Plaintiff here was merely hit by a golf cart, and was only "knocked to the ground." (Compl. ¶ 6.) Nothing in plaintiff's case rises to the level of injuries sustained by the cases in which PGA attempts to analogize.

Where it is not evident from the complaint that the amount in controversy exceeds $75,000, the removing party must prove, by a preponderance of the evidence, that this amount meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (2003). It is not facially evident from plaintiff's complaint that the amount involves more than $75,000, and PGA has also failed to prove by a preponderance of the evidence that this amount exceeds $75,000.

Therefore, defendant PGA is ordered to show cause and file a supplement explaining why this court should not remand this action back to state court. PGA has fourteen days from this order to file supplemental documentation showing cause why the court has jurisdiction over this action.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant PGA shall file supplemental documentation showing cause why this court has jurisdiction over the instant action within fourteen days of the entry of this order.

DATED May 29, 2013.

_____
UNITED STATES DISTRICT JUDGE