# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GEORGIANNA BURKE,

        Plaintiff(s),

v.

PGA TOUR, INC.,

        Defendant(s).

2:13-CV-803 JCM (PAL)

# ORDER

Presently before the court is the matter of *Burke v. PGA Tour, Inc.*, case number 2:13-cv-00803-JCM-PAL.

Defendant removed this action from state court pursuant to 28 U.S.C. § 1441(b). Defendant cited this court's diversity jurisdiction, 28 U.S.C. § 1332, as the basis for removal. Plaintiff is a Nevada citizen and defendant is a Maryland corporation with its principal place of business in Florida. Plaintiff's only cause of action is for negligence, a state law cause of action.

After reviewing the petition for removal and the statement regarding removal, this court issued an order to show cause why this case should not be *sua sponte* remanded back to state court. (Doc. # 9). After reviewing the relevant documents, this court was unconvinced the amount in controversy exceeded $75,000, and ordered defendant to file supplemental briefing on the issue.

Defendant filed a supplemental briefing. (*See* doc. # 10). After reviewing the supplement, the court finds remand is appropriate because it does not have jurisdiction for the reasons stated *infra*.

**James C. Mahan**
**U.S. District Judge**

1   There is a strong presumption against diversity jurisdiction, especially in removal cases, and federal jurisdiction "must be rejected if there is any doubt as the to the right of removal..." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The burden of proof for removal is on the defendant. *See Gaus,* 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990)). Finally, "when the plaintiff fails to plead a specific amount of damages," such as in this case, "the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Lowdermilk v. U.S. Bank National Ass'n.*, 479 F.3d 994, 998 (9th Cir. 2007).

Defendant attaches certain medical records to its supplement and states the medical records demonstrate the amount in controversy exceeds $75,000. Defendant attached hundreds of pages of medical records, but does not cite to a specific operation or treatment procedure (or a combination of operations or treatment procedures) that total over $75,000. The defendant directs the court to sift through hundreds of pages of records without citation to specific documents. Additionally, many of the medical records are from treatment plaintiff received prior to the incident in this suit–*i.e.*, much of the medical records are irrelevant for establishing a minimum amount of controversy because they document treatment that occurred prior to the incident that allegedly injured plaintiff in this case.

Finally, defendant argues that plaintiff may need a lumbar fusion surgery. This surgery could cost anywhere from $160,000 to $200,000. The problem for defendant is that no doctor has currently stated that plaintiff needs a lumbar fusion surgery, so it cannot be counted towards the $75,000.

Defendant has not provided any calculations for the court. The defendant has only provided conclusory statements. A preponderance of the evidence demonstrates that the minimum amount in controversy is not satisfied and that this court does not have jurisdiction.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the matter of *Burke v. PGA Tour, Inc.*, case number 2:13-cv-00803-JCM-PAL, be remanded back to state court.

DATED June 27, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -